IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| TONY THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-01247-SHM-tmp |
| | ) |
| UNITED STATES INTERNAL REVENUE SERVICE, | ) |
| | ) |
| Defendant. | ) |

**ORDER DISMISSING COMPLAINT WITH PREJUDICE, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH; NOTIFYING THOMPSON OF THE APPELLATE FILING FEE; NOTIFYING THOMPSON OF THE COURT'S STRIKE RECOMMENDATION UNDER 28 U.S.C. § 1915(g); AND CLOSING CASE**

On November 16, 2023, Plaintiff Tony Thompson, an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee, filed (1) a *pro se* complaint (ECF No. 1) and (2) a motion for leave to proceed *in forma pauperis* (ECF No. 2). On February 5, 2024, the Court granted leave to proceed *in forma pauperis* and assessed the filing fee under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1914, *et seq.* (ECF No. 8.)

The complaint alleges a violation of Thompson's rights under the American Rescue Plan Act of 2021, Pub. L. No. 117-2, § 9601(a), 135 Stat. 4, 138-42 (codified as amended at 26 U.S.C. § 6428B) ("ARPA") based on Thompson's 2021 income tax return. (ECF Nos. 1 & 1-4 at PageID 1-2, 32.) The Court construes Thompson's complaint as a claim for a tax refund. Thompson sues the United States Internal Revenue Service ("IRS") as the sole Defendant. (ECF No. 1 at PageID 1.) Thompson seeks: (1) fourteen hundred and seventy-three dollars and seventy-two cents

($1,473.72) in compensatory damages; (2) three hundred and fifty dollars ($350.00) in costs; and (3) "any other such additional relief as the interest of [j]ustice may [r]equire." (*Id.* at PageID 3.)

The complaint (ECF No. 1) is before the Court for screening.

For the reasons explained below: (1) the complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE** as moot and for failure to state a claim to relief.

I. **FACTUAL BACKGROUND**

Thompson alleges that Defendants have "unlawfully withheld benefits from plaintiff, to which he was entitled" under 26 U.S.C. § 6428B. (ECF No. 1 at PageID 1-2.) Thompson alleges that on March 8, 2023, he "was defrauded of his IRS tax remittance[.]" (*Id.* at PageID 2.) Thompson alleges that he has been "continuously incarcerated" since June 4, 2021. (*Id.*) Thompson alleges that he "has been unable to make any progress with the IRS", and "has lodged a complaint with the Treasury Inspector General for Tax Administration." (*Id.*) Thompson alleges that Defendant "by its actions acknowledges" owing Thompson funds. (*Id.*)

II. **LEGAL STANDARD**

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *see Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts as true the complaint's "well-pleaded"

2

factual allegations and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Although Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint because "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))); *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating that "[n]either this court nor the district court is required to create [Plaintiff]'s claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants").

**III.    ANALYSIS**

In response to the COVID-19 pandemic, Congress passed three rounds of economic-impact payments ("EIP"). The first round, the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. No. 116-136, § 2201(a), 134 Stat. 281, 335-37 (2020) (codified as amended at 26 U.S.C. § 6428), provided that eligible individuals could claim up to $1,200. *Bandy v. Sec'y of Dep't of Treasury*, 2024 U.S. App. LEXIS 17593, at *1-2 (6th Cir. July 17, 2024). The second round, the Tax Relief Act of 2020, Pub. L. No. 116-260, § 272(a), 134 Stat. 1182, 1965-71 (codified as amended at 26 U.S.C. § 6428A), provided for an additional payment up to $600 for eligible individuals. *Id.* The third round, the ARPA, codified in part at 26 U.S.C. § 6428B, established an additional payment up to $1,400 for eligible individuals. *Id.*; *See* 26 U.S.C. § 6428B. The EIPs were made by advance refund payments for those who had filed 2018 or 2019 tax returns, or by recovery-rebate credits claimed on an individual's 2020 tax return. *Bandy*, 2024 U.S. App. LEXIS 17593 at *2. Congress provided that "[n]o refund or credit shall be made or allowed under this subsection after December 31, 2021." *See* 26 U.S.C. § 6428B(g)(3).

In *Scholl v. Mnuchin*, 494 F. Supp. 3d 661, 687, 689, 693 (N.D. Cal. 2020), the district court, in a class action, concluded that the CARES Act's definition of "eligible individual" included incarcerated individuals and enjoined the IRS from withholding stimulus checks from "any class member on the sole basis of their incarcerated status." *See Song v. Parker*, No. 22-5199, 2023 WL 7103180, at *2 (6th Cir. Mar. 8, 2023); *see Graham v. Dep't of the Treasury Internal Revenue Serv.*, No. 22-1285, 2023 WL 3597382, at *1 (3d Cir. May 23, 2023). In district court cases filed after the CARES and ARPA deadlines where incarcerated individuals have sued the United States Department of Treasury Secretary, courts have decided that a member of the

4

*Scholl* class is not entitled to a separate cause of action. *See Meyer v. Mnuchin*, No. 5:21-CV-05003-KES, 2021 WL 3473241, at *3 (D.S.D. Aug. 6, 2021).[1]

A. **Sovereign Immunity**

Thompson sues the IRS. (ECF No. 1 at PageID 1.) The Court construes his suit as a claim against the United States of America, its agencies, and their employees, in their official capacities. The United States as a sovereign is immune from suit unless it has expressly waived immunity. *See United States v. Shaw*, 309 U.S. 495, 500–01 (1940); *see Ecclesiastical Ord. of the Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 115 (6th Cir. 1988). A "waiver of sovereign immunity must be unequivocally expressed in statutory text," and be "clearly evident from the language of the statute." *FAA v. Cooper*, 566 U.S. 284, 290 (2012) (internal quotation marks omitted).

Congress by law has conferred subject matter jurisdiction on federal district courts to consider claims for tax refunds that have been wrongfully assessed or collected. *See* 28 U.S.C. § 1346(a)(1). As the Supreme Court has made clear, "[a] taxpayer seeking a refund of taxes erroneously or unlawfully assessed or collected may bring an action against the Government either in United States district court or in the United States Court of Federal Claims." *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008). A taxpayer seeking a refund must first seek relief from the IRS before seeking relief in a federal court. *See* 26 U.S.C. § 7422(a); *Clintwood Elkhorn*, 553 U.S. at 4.

---

[1] *See, e.g., Thacher v. IRS,* 2023 U.S. Dist. LEXIS 4497, at *3-4, (D. Kan. Jan. 10, 2023); *Byers v. Rettig,* 2022 U.S. Dist. LEXIS 140179, 2022 WL 3205184, at *4 (W.D. N.C. Aug. 6, 2022); *Phelps v. Mnuchin,* 2021 WL 2138506 (N.D. Ind. May 26, 2021); *Watson v. United States,* 2022 U.S. Dist. LEXIS 191659, 2022 WL 12078560, at *2 (W.D. Va. Oct. 20, 2022).

Some courts addressing complaints of missing, or erroneously administered COVID stimulus checks have applied § 7422 tax refund procedures to those claims and determined that the court has jurisdiction under 28 U.SC. § 1346(a)(1). *See Swinton v. United States Internal Revenue Serv.*, No. 3:22-CV-900 (JAM), 2023 WL 6379415, at *3 (D. Conn. Sept. 30, 2023); *see Perez v. Internal Revenue Serv.*, 2023 WL 4405211, at *1 n.2 (collecting cases), *report and recommendation adopted,* 2023 WL 4249209 (D. Nev. 2023); *see Taylor v. IRS*, 2023 WL 2247043, at *2–3 (E.D. Cal. 2023) (finding that Congress waived sovereign immunity pursuant to § 1346(a)(1) for prisoner tax refund action seeking EIP under the CARES Act, but that the prisoner's claim should be dismissed for failure to exhaust administrative remedies as required under § 7422). Other courts agree that, "if the EIP is applied for like a tax refund, processed like a tax refund, and received like a tax refund, then it should be understood as a tax refund." *Swinton*, 2023 WL 6379415, at *3-4 (noting the IRS's argument in *Scholl* that a refund action under 26 U.S.C.§ 7422 was an adequate remedy). Thus, the district court would have subject matter jurisdiction under 28 U.S.C. § 1346(a)(1), and the cause of action would be allowed subject to the limits imposed under § 7422. *Id.*

Even so, the jurisdictional prerequisites for waiver of sovereign immunity must be satisfied. *See Goodnough v. United States Internal Revenue Serv.*, No. 2:23-CV-490-KJD, 2024 WL 3967253, at *4 (D. Vt. Aug. 28, 2024). The taxpayer must: (1) "duly file" a timely administrative claim for refund or credit, *see* 26 U.S.C. § 7422(a); (2) file a claim for tax refund within 3 years from the time the return was filed *or* 2 years from the time the tax was paid, whichever is later, *see* 26 U.S.C. § 6511(a); (3) not file suit "before the expiration of 6 months from the date of filing" the administrative refund claim unless the IRS disallows the claim within the six-month period and the taxpayer sues within two years of receiving notice of the

6

disallowance, *see* 26 U.S.C. § 6532(a)(1); and (4) fully pay the tax or penalty for which the refund is claimed. *Id.* at *4; *see Flora v. United States*, 357 U.S. 63, 75–76 (1958). Thompson has failed to allege that he has sought the administrative relief required to waive sovereign immunity. Even if the attached handwritten letter to the Inspector General of the Department of the Treasury were liberally construed to seek the required administrative relief, Thompson's claim would fail. The letter is dated November 10, 2023, and Thompson filed this suit on November 16, 2023, before the expiration of the six-month waiting period required by 26 U.S.C. § 6532(a)(1). (*See* ECF No. 1-6 at PageID 37.)

### B. Mootness

The ARPA deadline for issuance of EIPs was December 31, 2021. *See* 26 U.S.C. § 6428B(g)(3). Several courts have dismissed EIP cases as moot because no further funds can be issued. *See Hudson v. Dep't of Treasury*, No. 1:21-CV-392, 2021 WL 5782471, at *3 (W.D. Mich. Dec. 7, 2021); *see Moffa v. Yellen*, No. 1:22-CV-00565, 2022 WL 4134738, at *5 (M.D. Pa. Sept. 12, 2022) (claim is moot because all three statutes permitting economic impact payments had passed before plaintiff filed suit); *Kline v. Rettig*, , 2022 WL 4001142, at *4 ("to the extent Plaintiff seeks an EIP based on a tax return filed for the 2019 tax year, the Court cannot provide the requested relief and such a claim should be dismissed for failure to state a claim").

Thompson's case was filed almost two years after the deadline for issuance of funds had passed. His request for relief is moot. Thompson has failed to state a claim on which relief can be granted.

The complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE** as moot and for failure to allege facts demonstrating a claim to relief.

### IV.   LEAVE TO AMEND

7

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). The court should be liberal in allowing amendment at the screening stage. *Lucas*, 785 F. App'x at 292. The Sixth Circuit has concluded, "[i]f it is at all possible that the party ... can ... state a claim for relief, the court should dismiss with leave to amend." *Id.* (internal quotation marks omitted).

Where it would not be possible for a plaintiff to amend his complaint to state a claim for relief, leave to amend should not be granted. *See Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001).

Thompson's claim for EIP is moot and DISMISSED WITH PREJUDICE under 28 U.S.C. §§ 1915(e)(2)(B) (ii) and 1915A(b)(1). Amendment would be futile. Leave to amend the complaint is **DENIED**.

V. <u>CONCLUSION</u>

For all of the reasons explained above:

(1)   Based on Thompson's failure to state a claim on which relief can be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2), the Court **DISMISSES THE COMPLAINT (ECF No. 1) IN ITS ENTIRETY WITH PREJUDICE.** Specifically: Thompson fails to state a claim for which relief is available under 26 U.S.C. § 6428B, and his claim is moot.

(2)   The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated ... brought an action or appeal in a court of the United States that was dismissed on the grounds

that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). For § 1915(g) analysis of Thompson's future filings, if any, the Court recommends that the dismissal of this case be treated as a strike pursuant to § 1915(g). *See Simons v. Washington*, 996 F.3d 350 (6th Cir. 2021).

**SO ORDERED**, this  *1st*  day of July, 2025.

                                            /s/ *Samuel H. Mays, Jr.*
                                            SAMUEL H. MAYS, JR.
                                            UNITED STATES DISTRICT JUDGE